**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| TRACEY GODFREY, | No. 10-35099 |
| Petitioner - Appellant, | D.C. No. 9:09-cv-00035-DWM-JCL |
| v. | |
| ATTORNEY GENERAL OF THE STATE OF MONTANA and LEROY KIRKEGARD, Warden, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted March 6, 2013[**]
Portland, Oregon

Before: CLIFTON and BEA, Circuit Judges, and MAHAN, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James C. Mahan, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

Tracy Godfrey appeals the denial of his habeas corpus petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291 and § 2253(a), and we affirm.

The prosecution's cross-examination questions about Godfrey's failure to come forward with his exculpatory story before trial violated his due process rights under *Doyle v. Ohio*, 426 U.S. 610 (1976). However, the Montana Supreme Court's rejection of his *Doyle* claim was not contrary to or an unreasonable application of clearly established federal law, *see* 28 U.S.C. § 2254(d); *Harrington v. Richter*, 131 S.Ct. 770, 785 (2012), because the *Doyle* violation was harmless. The weighty evidence against Godfrey at trial was strong enough to preclude a determination that the error had a substantial effect in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637-39 (1993).

The Montana Supreme Court's rejection of Godfrey's claim that his lawyer was ineffective by not objecting to the prosecution's questions about his silence was not an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). Even assuming his lawyer acted unreasonably, Godfrey has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Godfrey concedes the procedural default of his claim that he was denied the right to counsel at his re-sentencing hearing. Thus, this court may not reach the merits of this claim. *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007).

**AFFIRMED.**